John B. Larson, Esq. -- SBN. 108813
**LARSON & GASTON, LLP**
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone (626) 795-6001
Facsimile (626) 795-0016
John.larson@larsongaston.com
**Attorney for Plaintiff, B612 TIMA INC.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| B612 TIMA INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GO TO LOGISTICS, INC.; and DOES 1 through 25, Inclusive,<br><br>Defendants. | **COMPLAINT FOR LIABILITY UNDER THE CARMACK AMENDMENT 49 U.S.C. SECTION 14706**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

## INTRODUCTION

1. Plaintiff, by and through its undersigned counsel, hereby brings this complaint for damages against Defendants, and each of them and allege the following:

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Title 28 of the United States Code, Sections 1331 (Federal question) and 1337 (Commerce), and Title 49 of the United

States Code, Section 14706(d)(3). The federal question at issue in this action is the Carmack Amendment, 49 U.S.C. § 14706. The amount in controversy is in excess of $10,000.

3.  Venue is proper in this district pursuant to Title 28 of the United States Code, Section 1391(b)(2) (a substantial part of the events or omissions giving rise to the instant claims has occurred in this district). Venue is also proper pursuant to Title 49 of the United States Code, Section 14706(d).

## PARTIES

4.  Plaintiff B612 TIMA INC. (hereinafter "Plaintiff" or "B612") is now in all times material was, a corporation, duly formed and existing by law, and was at all relevant times herein, the legal assignee of a certain load of cargo owned by assignor Shenzhen Zhongyi International Supply Chain Co. LTD described as , IP Cameras which is the subject matter of this action (the Cargo).

5.  Plaintiff is informed and believes, and thereon alleges Defendant GO TO LOGISTICS, INC., (hereinafter "GTL" or "Defendant") was a corporation, duly formed and existing by law and licensed by  which was doing business in California.  GTL is and was at all times herein licensed as a Motor Carrier by the Federal Motor Carrier Safety Administration. GTL principal place of business in California was 2323 S Cactus Ave, Bloomington, CA 92316.

///

6. The true names of defendants sued as DOES 1 through 25, inclusive, are unknown to Plaintiffs. The Doe defendants were the agents or employees of he named defendant and acted within the scope of that agency or employment.

7. Defendants GTL and DOES 1 through 25 are collectively herein at times as "Defendants" and acted in concert with one another , were each the agent of the other , and each jointly and severally liable to Plaintiffs as alleged herein.

## CLAIM OF RELIEF

### (Liability under the Carmack Amendment, 49 U.S.C. section 14706)
### (Against all Defendants)

8. Plaintiffs re-alleges paragraphs 1 through7, inclusive , and incorporate said paragraphs herein by reference.

9. FYZ Logistics, for the benefit of B612, entered into a BROKER CARRIER AGREEMENT(the CONTRACT)  with GTL, inter alia to transport shipment of Cargo on behalf of FYZ, on or about February 13, 2023.  The Broker carrier agreement is attached here to as Exhibit 1 and incorporated herein as though set fully.

10. Plaintiff B612 is informed and believes and thereon alleges that it contracted with FYZ  to broker the two loads of cargo for transport to the consignees of assignor ,Rexing, Inc, 34 Ludwig St. Little Ferry NJ 07643 and TD Synnex Corporation, 201 Middlesex Center Blvd., Monroe NJ 08831 ( the Cargo).

11.    FYZ contracted with GTL to transport the cargo pursuant to the terms of the CONTRACT to the Consignees, Rexing, Inc. and TD Synnex Corporation as described in paragraph 10 on or about October 18. 2023.

12.    On or about October 18, 2023, Defendants, and each of them, breached the agreement by failing to deliver the goods as contracted, and instead , converted the good for their own benefit.  The Cargo was never delivered to the Consignees.

13.    Plaintiff suffered damages legally( proximately) caused by defendant, and each of them, breach of the agreement in the amount of $487,000.00. Damages are recoverable under the Carmack Amendment, 40U.S.C. section 14706.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIF PRAYS as follows:

1.    For damages in the amount of $487,000.00

2.    For Costs.

3.    For prejudgment interest.

4.    For attorney fees.

5.    For such further and other relief as the Court may deem just and proper.

Dated: June 19, 2024            By: /s/ John B. Larson
                                              John B. Larson, Esq.
                                              Attorney for Plaintiff,
                                              B612 TIMA INC.

## JURY DEMAND

Pursuant to the seventh Amendment of the Constitution of the United States if America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 19, 2024          By: /s/ John B. Larson
                                  John B. Larson, Esq.
                                  Attorney for Plaintiff,
                                  B612 TIMA INC.

– 1 –

7104 **JURY DEMAND**